UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2100 JGB (DTBx)** | Date | October 4, 2024 |
|---|---|---|---|
| Title | *Theresa Brooke v. Bhupeshkumar Natvar Patel* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause; and Limited Scheduling Order (IN CHAMBERS)

### I. Order to Show Cause

The complaint filed in this action asserts a claim for injunctive relief arising out of an alleged violation of the Americans with Disabilities Act ("ADA") and a claim for damages pursuant to California's Unruh Civil Rights Act ("Unruh Act"). (See "Complaint," Dkt. No. 1.) The Court only has jurisdiction over the Unruh Act claim pursuant to supplemental jurisdiction. See 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Therefore, the Court **ORDERS** Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the state law claim. See 28 U.S.C. § 1367(c).

In responding to this Order to Show Cause ("OSC"), Plaintiff shall identify the amount of statutory damages that Plaintiff seeks to recover. Plaintiff and Plaintiff's counsel shall also support their responses to the OSC with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code Sections 425.55(b)(1)-(b)(2). **Plaintiff shall file a Response to this OSC no later than October 11, 2024.**

Failure to timely or adequately respond to this OSC may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the Unruh Act claim and the dismissal of any such claims pursuant to 28 U.S.C. § 1367(c).

## II. Limited Scheduling Order

The Court presides over many cases under the Americans with Disabilities Act ("ADA") involving physical barriers in places of public accommodation. Most of these cases are brought by a small number of repeat plaintiffs and an even smaller number of law firms. With respect to these cases, the Court finds:

1. The small number of repeat law firms in this area rarely prosecute their cases until the Court issues an order to show cause.

2. Many of these cases result in defaults, which subsequently requires that the Court send three orders to show cause: one for failure to serve, one for failure to seek entry of default, and one for failure to move for default judgment.

3. Given the enormous number of these cases, the need to track the lack of prosecution in these cases and send repeated orders to show cause has placed a significant burden on the limited resources of the Court.

Therefore, the Court finds there is good cause to institute a limited scheduling order concerning prosecution for ADA cases involving physical barriers in places of public accommodation. In such cases:

1. *Proofs of Service:* Proofs of service for all defendants must be filed within **90 days** of the filing of the case absent a previously approved extension of time by the Court or a motion or responsive pleading by all defendants. The Court expects that the Complaint will be served on all parties promptly after filing.

2. *Requests for Default:* For any defendant who fails to respond to the Complaint within the time provided by the Federal Rules of Civil Procedure and for whom no extension has been granted, a request for default must be filed no later than **7 days** after the time the response to the Complaint would have been due.

3. *Motions for Default Judgment:* If only defaulted defendants remain in the case – that is, no other defendants were named or the claims against all other defendants have been resolved either by dismissal, motion, or trial – a motion for default judgment must be filed within **30 days** of the last entry of default. Note that the Court is not generally inclined to enter partial default judgments, and, therefore, a motion for default judgment should not be filed if some defendants have appeared and the case has not otherwise been completely resolved.

     This Order serves as notice that failure to comply with any of the requirements set forth in this Order will **result in dismissal of the action in its entirety and/or the defendant that is the subject of the required proof of service, request for default, or motion for default judgment.** Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962). Failure to comply may also result in monetary sanctions.

     **IT IS SO ORDERED.**